IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOSEPH BRADDOCK,**

    Plaintiff,

v.                                                                           Civil Action No. 2:08cv85
                                                                          (Judge Maxwell)

**NORTHERN CORRECTIONAL FACILITY;**
**EVELYN SEIFERT, Warden of Security;**
**BRANDY GHENT, Movement Coordinator;**
**BILL KOLOSKI, Unit Manager;**
**SEAN STRONG, Unit Manager;**
**HOWARD SHIFLETT, Investigator; and**
**SCOTT WHITE, Correctional Officer,**

    Defendants.

## REPORT AND RECOMMENDATION

On August 14, 2008, the plaintiff filed an action in the Circuit Court of Marshall County, West Virginia. The action was served on August 15, 2008, and removed to this Court on September 15, 2008, where it was assigned to the Honorable Frederick P. Stamp and assigned Civil Action No. 5:08cv141. On August 14, 2008, the plaintiff also filed directly with this Court the instant action which is a xerox copy of the complaint filed in Marshall County and subsequently removed here. Accordingly, there are currently two identical complaints from the plaintiff pending in the Northern District of West Virginia. On September 24, 2008, the defendants filed a Motion to Dismiss the instant action, and on October 20, 2008, the plaintiff also filed a Motion to Dismiss.

**I. The Complaint**

In his complaint, the plaintiff claims that he is being retaliated against for filing grievances against prison staff and because of his sexual orientation. He claims that he has been moved from one unit of the prison to another, that he has been removed from double bunking, that he has been denied job opportunities, that he has not been allowed to move to an alternative facility at his request, that he is being denied protection from threats from other inmates, and that he is being denied protection from threats from correctional officers.

## II. Answer

For their answer, the defendants have filed a Motion to Dismiss. As support therefore, the defendants assert that the plaintiff's claim is duplicative of his other suit that is currently pending in the District Court for the Northern District of West Virginia. The defendants also assert in the Supplement (Doc. 14) provided in support of their Motion to Dismiss, that the plaintiff has asked that this case be dismissed, as well.[1]

## III. Standard of Review

### A. Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc. v. Radford Community

---

[1] As is often the case with *pro se* pleadings, the plaintiff herein has filed "pleadings" in an erratic and confusing matter. However, it is clear that the plaintiff noted in Doc. 8 of Civil Action No. 5:08cv141, that he intended to write the Clerk in Elkins and have them dismiss Civil Action No. 2:08cv85 since the "Wheeling office is handling everything." While the actual motion to dismiss field in this case appears to be in response to an Order to Show Cause, because he has never filed the necessary paperwork to rule on his Motion for Leave to Proceed *in forma pauperis*, it is clear that he understands that he has two identical actions pending.

Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits, and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Moreover, complaints which are frivolous, or malicious, must be dismissed. 28 U.S.C. 1915(e). "Repetitious litigation of virtually identical causes of action may be dismissed under §1915 as frivolous or malicious." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988); See Cottle v. Bell, 229 F.3d 1142, 2000 WL 1144623 (4th Cir. 2000) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous or malicious.").

## IV. Analysis

The defendants assert, and the plaintiff apparently agrees, that this suit is duplicative of Civil Action No. 5:08cv141 currently pending before this court. "[T]he general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551 (11th Cir. 1986). In the case at bar, the claims the plaintiff makes are identical to the claims made in the case pending before Judge Stamp, and the parties are identical, as well. "It is well established that 'as between federal district courts, . . . the general principle is to avoid duplicative litigation.'" Id. citing Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1986). For the

3

reasons stated above, combined with the plaintiff's assertion that he intended this case be dismissed, this action should be dismissed.[2]

## V. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the defendants' Motion to Dismiss (Doc.12) be **GRANTED**, and the plaintiff's complaint be **DISMISSED WITH PREJUDICE.** It is further recommended that the remaining pending motions (Docs. 2, 7, and 15) be **DISMISSED AS MOOT**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

---

[2]The undersigned notes that this case would be subject to dismissal, as well, for failure to prosecute. Although the plaintiff was sent a deficiency notice and an Order to Show Cause, he has never submitted a Consent to Collection of Fees from Trust Account despite being granted an extension of time in which to do so.

The Clerk is directed to provide an electronic copy of this Order to all counsel of record and mail a copy to the plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 6-2-09

/s/ David J. Joel
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE