IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOSEPH BRADDOCK,**

    **Plaintiff,**

v.                                                                                                 2:08 CV 85
                                                                                                     (Maxwell)

**NORTHERN CORRECTIONAL FACILITY;**
**EVELYN SEIFERT, Warden of Security;**
**BRANDY GHENT, Movement Coordinator;**
**BILL KOLOSKI, Unit Manager;**
**SEAN STRONG, Unit Manager;**
**HOWARD SHIFLETT, Investigator; and**
**SCOTT WHITE, Correctional Officer,**

    **Defendants.**

## ORDER

It will be recalled that on August 14, 2008, *pro se* Plaintiff Joseph Braddock filed a civil rights complaint against the above-named Defendants in the Circuit Court of Marshall County, West Virginia. The action was served on August 15, 2008, and removed to the United States District Court for the Northern District of West Virginia on September 15, 2008, where it was assigned to the Honorable Frederick P. Stamp and assigned Civil Action No. 5:08 CV 141. Thereafter, on August 14, 2008, the *pro se* Plaintiff filed the instant action directly with the United States District Court for the Northern District of West Virginia. The instant action is identical to Civil Action Number 5:08 CV 141, which was dismissed with prejudice by Judge Stamp on August 3, 2009, for failure to state a claim upon which relief can be granted.

It will further be recalled that the case was referred to United States Magistrate Judge David J. Joel in accordance with Rule 83.01 of the Local Rules of Prisoner Litigation Procedure and 28 U.S.C. § 1915(e).

On September 24, 2008, a Motion To Dismiss And Memorandum In Support Thereof

was filed by the Defendants. A Supplemental Memorandum In Support Of Defendants' Motion To Dismiss was filed on October 17, 2008. Thereafter, on October 20, 2008, the Plaintiff also filed a Motion To Dismiss.

On June 2, 2009, Magistrate Judge Joel issued a Report And Recommendation wherein he recommended that the Defendants' Motion To Dismiss be granted; the Plaintiff's Complaint be dismissed with prejudice in light of the fact that it is duplicative of the Civil Action Number 5:08 CV 141, which, as previously noted, was dismissed with prejudice by Judge Stamp on August 3, 2009, for failure to state a claim upon which relief can be granted; and the remaining pending motions in the above-styled civil action be dismissed as moot. Magistrate Judge Joel's Report And Recommendation provided the parties with ten (10) days from the date they were served with copies of said Report and Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation.

The Plaintiff's Objections To Magistrate Judge Joel's Report And Recommendation were filed on June 15, 2009.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985).

As previously noted, on June 15, 2009, the Plaintiff filed his Objections to Magistrate Judge Joel's Report And Recommendation. In those Objections, however,

2

the Plaintiff merely asserts that he is willing to have the instant civil action dismissed so long as it does not effect Civil Action Number 5:08 CV 141.

The Court is of the opinion that Magistrate Judge Joel's Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. As the Plaintiff himself has recognized, this civil action is duplicative of that filed and ultimately resolved on the merits in Civil Action Number 5:08 CV 141. Accordingly, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge David J. Joel on June 2, 2009 (Docket No. 16), be, and the same is hereby, **ACCEPTED** in whole, and the Court hereby incorporates the findings of fact and conclusions of law made by Magistrate Judge Joel in said Report And Recommendation. It is further

**ORDERED** that the Defendants' Motion To Dismiss (Docket No. 12) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the Plaintiff's Complaint (Docket No. 1) be, and the same is hereby, **DISMISSED with prejudice**. It is further

**ORDERED** that, in light of the dismissal of the Plaintiff's Complaint, the following Motions by the Plaintiff be, and the same are hereby, **DISMISSED as moot**:

1. Application To Proceed Without Prepayment Of Fees And Affidavit (Docket No. 2);
2. Motion To Appoint Counsel (Docket No. 7); and
3. Motion To Dismiss (Docket No. 15).

It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Defendants. It is further

**ORDERED** that, should the Plaintiff desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

**ENTER:** September  21 , 2009

                                                          **/S/ Robert E. Maxwell**
                                                          United States District Judge